FILED
2021 Jan-28  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

D'WANNA WILLIAMS,
an individual,

      Plaintiff,

                              CASE NO:

vs.

SCOTT'S JEWELRY & PAWN INC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, D'WANNA WILLIAMS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues SCOTT'S JEWELRY & PAWN INC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Northern District of Alabama

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.      Plaintiff, D'WANNA WILLIAMS (hereinafter referred to as "WILLIAMS") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.  WILLIAMS suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and has had amputation of both of her legs and requires a wheelchair for mobility.   Prior to instituting the instant action, WILLIAMS visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. WILLIAMS continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, SCOTT'S JEWELRY & PAWN INC, is a corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief SCOTT'S JEWELRY & PAWN INC, (hereinafter referred to as "SCOTT'S JEWELRY ") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: The

2

Family Pawn located at 873 1ˢᵗ Street North, in Alabaster, Alabama (hereinafter referred to as the "Pawn Shop").

5.      All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Pawn Shop owned by SCOTT'S JEWELRY is a place of public accommodation in that it is a retail Pawn Shop operated by a private entity that provides goods and services to the public.

8.      Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Pawn Shop in derogation of 42 U.S.C §12101 *et seq.*

9.      The Plaintiff has been unable to and continues to be unable to enjoy

access to, and the benefits of the services offered at the Pawn Shop owned by

SCOTT'S JEWELRY.  Prior to the filing of this lawsuit, Plaintiff visited the Pawn

Shop at issue in this lawsuit and was denied access to the benefits, accommodations

and services of the Defendant's premises and therefore suffered an injury in fact as

a result of the barriers to access listed in Paragraph 11, below that she personally

encountered.  In addition, Plaintiff continues to desire and intends to visit the Pawn

Shop, but continues to be injured in that she is unable to and continues to be

discriminated against due to the barriers to access that remain at the Pawn Shop in

violation of the ADA.  WILLIAMS has now and continues to have reasonable

grounds for believing that she has been and will be discriminated against because of

the Defendant's continuing deliberate and knowing violations of the ADA.

10.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.    SCOTT'S JEWELRY is in violation of 42 U.S.C. §12181 *et seq.* and

28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of

*inter alia*, the following specific violations that Plaintiff personally encountered:

       i.     There are no accessible van accessible parking spaces in the

            parking area;

      ii.        There is a change in level at the front concrete walk and the level

of the asphalt parking (approximately 3 inches) such that there is

no wheelchair accessible route to enter the Pawn Shop;

      iii.       Upon information and belief there are additional barriers to

wheelchair users inside the Pawn Shop.

12.    There are other current barriers to access and violations of the ADA at the Pawn Shop owned and operated by SCOTT'S JEWELRY that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, SCOTT'S JEWELRY was required to make its Pawn Shop, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, SCOTT'S JEWELRY has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing

5

and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's

fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to

grant Plaintiff injunctive relief, including an Order to alter the subject facilities to

make them readily accessible to, and useable by, individuals with disabilities to the

extent required by the ADA, and closing the subject facilities until the requisite

modifications are completed.

WHEREFORE, the Plaintiff demands judgment against SCOTT'S

JEWELRY and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it

deems necessary, just and proper.

Dated this 28th day of January, 2021.

Respectfully submitted,

By: __/s/ Edward I. Zwilling__
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com

7